UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VERNA ILENE DAN,<br><br>                              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                              Defendant. | NO:  1:14-CV-3094-TOR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

BEFORE THE COURT is Magistrate Judge Victor E. Bianchini's Report and Recommendation ("R&R") (ECF No. 17), which recommends this Court grant Defendant's Motion for Summary Judgment (ECF No. 14) and deny Plaintiff's Motion for Summary Judgment (ECF No. 12).  On September 9, 2015, Plaintiff timely filed objections to the proposed report and recommendation.  ECF No. 18. Defendant filed her response on September 23, 2015.  ECF No. 19.

The Court has reviewed the R&R, the parties' briefing, and the administrative record and is fully informed.  Because this Court concludes the

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 1

R&R correctly found that the decision by the administrative law judge ("ALJ") is supported by substantial evidence and in accord with the correct legal standards, this Court adopts the R&R, albeit as modified below.

## BACKGROUND

Plaintiff applied for supplemental security income and disability insurance benefits under the Social Security Act in April 2011.  In February 2013, the ALJ issued a written decision denying Plaintiff's applications for benefits, which decision became the Commissioner's final decision in May 2014.  Plaintiff appealed to this Court.

On August 26, 2015, Magistrate Bianchini issued an R&R, recommending the Court affirm the Commissioner's final decision denying Plaintiff benefits. ECF No. 17.  In response, Plaintiff raises the following objections: the ALJ (1) did not provide "clear and convincing" reasons for discounting Plaintiff's credibility, ECF No. 18 at 5-10; (2) failed to provide requisite "germane reasons" for discounting the opinion of Ms. Grandmason, a treating nurse practitioner, *id.* at 10-11; and (3) failed to consider Plaintiff's obesity when discounting Plaintiff's credibility, *id.* at 11-12.

This Court will address each objection in turn.

///

///

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 72, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommend disposition." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

**A. Adverse Credibility Finding**

**1. Proper Legal Standard**

Plaintiff first faults the R&R for failing to address the Commissioner's argument that the ALJ's credibility determination need only be supported by substantial evidence. ECF No. 18 at 5-8. According to Plaintiff, because the ALJ is required to follow agency policy and the agency policy sets forth a less onerous standard than Ninth Circuit precedent, the ALJ's adverse credibility determination is not supported by requisite specific, clear, and convincing reasons. *Id.*

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted). "The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the symptom

1    she has alleged; she need only show that it could reasonably have caused some

2    degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)

3    (internal quotation marks omitted).  As long as the impairment "could reasonably

4    be expected to produce [the] symptoms," the claimant may offer a subjective

5    evaluation as to the severity of the impairment.  *Id.*

6        Second, "[i]f the claimant meets the first test and there is no evidence of

7    malingering, the ALJ can only reject the claimant's testimony about the severity of

8    the symptoms if she gives 'specific, clear and convincing reasons' for the

9    rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting

10   *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).  The Ninth Circuit

11   has repeatedly rejected the Commissioner's argument that a lesser standard than

12   "clear and convincing" applies.  *See, e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1136-

13   37 (9th Cir. 2014) (rejecting the government's argument that the ALJ need only

14   provide specific reasons for rejecting a claimant's testimony).  "General findings

15   are insufficient; rather, the ALJ must identify what testimony is not credible and

16   what evidence undermines the claimant's complaints."  *Id.* (quoting *Lester v.*

17   *Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958

18   (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings

19   sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not

20   arbitrarily discredit claimant's testimony.").

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 4

This Court finds the R&R applied the correct legal standard when assessing the ALJ's adverse credibility determination.  The R&R, citing relevant Ninth Circuit precedent, expressly states that the ALJ must provide "clear and convincing reasons" for rejecting the claimant's testimony.  ECF No. 17 at 15.  Although the Commissioner argued in its Motion for Summary Judgment that a lesser standard of review *should* apply, based on its regulations and statutory authority, this contention does not detract from the Magistrate's correct application of the legal standard and findings consistent therewith.

### 2.  Daily Activities

Plaintiff next contends that the ALJ's adverse credibility determination—and the Magistrate's approval thereof—was flawed because the ALJ failed to specify how Plaintiff's daily activities were inconsistent with her pain allegations or otherwise demonstrate capabilities transferable to the workplace.  ECF No. 18 at 8.

The R&R found that "[a]lthough Plaintiff performed [her activities, including attending to self-care, raising her children, and maintaining her household] with some degree of difficulty, the ALJ was within her discretion to conclude that these activities contradicted Plaintiff's claims of disabling limitations."  ECF No. 17 at 16-17.

As stated previously, the ALJ must provide specific, clear, and convincing reasons for discrediting a claimant's testimony or claims about the severity of his or her symptoms.  *Ghanim*, 763 F.3d at 1163.  In assessing a claimant's credibility, an ALJ may consider a range of factors, including the claimant's daily activities. *Id.*  "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting."  *Molina*, 674 F.3d at 1112 (internal citations and quotation marks omitted). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."  *Id.*

Here, the ALJ—in support of her finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible—found, in one single sentence paragraph, that Plaintiff's "independent daily activities, described [previously], are inconsistent with her allegations of disabling functional limitations."  Tr. 26.  The ALJ had previously concluded that Plaintiff suffered from mild limitation in activities of daily living. Tr. 23.  In support, the ALJ listed the various activities Plaintiff engaged in, including caring for her six-year old insulin dependent son and 11-year old

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 6

1    daughter, cooking and cleaning as her pain allowed, reading to her children, caring

2    for two cats, and attending a life skills class.  Tr. 23.

3         This Court finds the ALJ's general finding regarding the inconsistency

4    between Plaintiff's daily activities and symptom claims is insufficient to meet the

5    specific, clear, and convincing standard mandated by Ninth Circuit precedent.

6    Although inconsistencies between a claimant's testimony and the claimant's

7    reported activities can provide a valid reason for an adverse credibility

8    determination, Ninth Circuit precedent has repeatedly emphasized that general

9    findings are insufficient to discount a claimant's self-reports.  *See Burrell*, 775

10   F.3d at 1138 (rejecting as insufficiently specific an ALJ's general finding that the

11   "[c]laimant's self-reports were inconsistent in some unspecified way with her

12   testimony at the hearing").  Although the ALJ had separately detailed Plaintiff's

13   reported activities and symptom allegations earlier in the decision, the ALJ did not

14   elaborate on *which* daily activities conflicted with *which* part of Plaintiff's

15   testimony or which symptom claims.  Accordingly, this Court finds the ALJ's

16   finding is insufficiently specific.

17        Nonetheless, in light of the other permissible reasons the ALJ provided for

18   discrediting Plaintiff's testimony, discussed below, this Court does not find that the

19   ALJ has committed reversible error.  *See Batson v. Comm'r of Soc. Sec. Admin.*,

20   359 F.3d 1190, 1197 (9th Cir. 2004) (holding that any error the ALJ committed in

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 7

asserting one impermissible reason for claimant's lack of credibility did not negate

the validity of the ALJ's ultimate conclusion that the claimant's testimony was not

credible).

### 3.  General Inconsistencies

Plaintiff asserts that the ALJ could not rely solely on the reason that she

stopped working to care for her son to sustain an adverse credibility finding.  ECF

No. 18 at 9.  Plaintiff appears to concede that this inconsistency is a legitimate

reason to discredit a Plaintiff's credibility, albeit not by itself.

The R&R found the fact that Plaintiff stopped working to care for her son,

rather than for reasons related to her alleged impairments, provided a valid reason

for an ALJ to discount her credibility.  ECF No. 17 at 17.

An ALJ may support his or her adverse credibility finding by citing to

general inconsistencies in the record.  *Molina*, 674 F.3d at 1112 ("[T]he ALJ may

consider inconsistencies either in the claimant's testimony or between the

testimony and the claimant's conduct.").  One such inconsistency can arise when a

claimant alleges that she left her job for a reason other than her alleged

impairments.  *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (upholding

ALJ's adverse credibility finding where, among other things, plaintiff told at least

one provider that he left his job because he was laid off).

Here, the ALJ found that the "record contains other inconsistencies that further reduce the claimant's credibility." Tr. 26.  As an example, the ALJ noted that "in connection with her disability application, she reported that she stopped working in early-2009 to take care of her diabetic son, but, around the same time, she reported to her provider that she stopped working due to the onset of chronic back pain."  Tr. 26.

This Court finds the ALJ provided a specific, clear, and convincing reason for discounting Plaintiff's credibility.  Plaintiff's inconsistent statements explaining why she stopped working provide a valid reason for the ALJ to not fully credit her self-reports.  *See Bruton*, 268 F.3d at 828.  Plaintiff has provided no authority for why this reason alone is insufficient.  At any rate, the ALJ provided another specific, clear, and convincing reason for discounting Plaintiff's testimony, as detailed below.  Accordingly, this Court does not find error.

### 4. Medical Evidence

Plaintiff also faults the ALJ, in making her adverse credibility determination, for failing to adequately explain why Plaintiff's testimony was contradicted by the medical evidence.  ECF No. 18 at 9.  Specifically, Plaintiff faults the ALJ for only mentioning part of Plaintiff's medical history but without citation to relevant, excluded portions of the record.  *Id.*  Plaintiff also cites *Brown-Hunter v. Colvin*, No. 13-15-213, --- F.3d ---, 2015 WL 4620123 (9th Cir. Aug. 4, 2015), for the

1    proposition that the ALJ did not specify which testimony was not credible and

2    which evidence in the record supports that credibility determination. *Id.*

3          The R&R, recognizing that the lack of medical evidence cannot form the

4    sole basis for discounting pain testimony, concluded that "the ALJ reasonably

5    found Plaintiff's testimony [was] contradicted by the medical evidence, including

6    several treatment records, as well as the opinions of Dr. Backer and Dr. Hale."

7    ECF No. 17 at 17.

8          In assessing a claimant's credibility, an ALJ may consider whether the

9    Plaintiff's self-reports are contradicted by the medical record. *Carmickle v.*

10   *Comm'r of Sec. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction

11   with the medical record is a sufficient basis for rejecting the claimant's subjective

12   testimony.").  However, "an ALJ may not reject a claimant's subjective complaints

13   based solely on a lack of medical evidence to fully corroborate the alleged severity

14   of pain," the rationale being that "pain testimony may establish greater limitations

15   than can medical evidence alone." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir.

16   2005).  When making this finding, the ALJ must link the testimony she finds not

17   credible to the particular parts of the record supporting her non-credibility

18   determination. *Brown-Hunter*, --- F.3d ---, 2015 WL 4620123, at *1 ("We hold

19   that an ALJ does not provide specific, clear, and convincing reasons for rejecting a

20   claimant's testimony by simply reciting the medical evidence in support of his or

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 10

her [RFC] determination . . . [W]e require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.").

Here, the ALJ generally stated that the record does not support allegations of disabling limitations; however, her decision went on to specifically discuss medical evidence contradicting Plaintiff's allegations of hip pain, back pain, right thumb pain, and the adverse side effects of medication use.  Tr. 25-26.  For instance, although Plaintiff reported right hip pain, records showed no leg numbness, tingling, weakness, or episodes of falling and only mild generative joint disease.  Tr. 25-26.  Further, although Plaintiff complained of right thumb pain, the ALJ noted that the records demonstrated full range of motion in her fingers and thumb, ability to text using her right thumb, and no abnormalities upon examination.  Tr. 26.

This Court finds the ALJ provided another valid reason for discounting Plaintiff's credibility.  The ALJ specified which testimony she found not credible and which medical evidence in the record supported this finding. *See Brown-Hunter*, --- F.3d --- 2015, WL 4620123, *1.  Accordingly, this reason, in addition to the general inconsistencies in Plaintiff's self-reports, provided adequate reasoning for discounting Plaintiff's credibility.

///

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 11

1  **B. Opinion of Terra Grandmason, ARNP**

2  Plaintiff next faults the ALJ for failing to provide sufficient reasoning for

3  rejecting the opinion of Ms. Grandmason, her treating nurse practitioner.  ECF No.

4  18 at 10-11.  Based on two separate assessments in September 2010 and March

5  2011, Ms. Grandmason opined that claimant was severely limited and unable to

6  work, unable to stand for longer than 20 minutes at a time, unable to interact with

7  others, and unable to concentrate for extended periods.  Tr. 416-17, 420-21.

8  Plaintiff also faults the R&R for citing reasons for rejecting Ms. Grandmason's

9  opinion that the ALJ did not expressly find in her decision.  ECF No. 18 at 10-11.

10  The R&R—noting that Ms. Grandmason is not an acceptable medical source

11  and thus the ALJ can reject her opinions by providing germane reasons for doing

12  so—found that the ALJ provided germane reasons for discounting Ms.

13  Grandmason's opinion.  ECF No. 17 at 12.  First, Ms. Grandmason's opinions

14  were contradicted by opinions of Dr. Martin Backer, a treating physician, who

15  opined that Plaintiff could perform sedentary work, and Dr. Hale, a non-examining

16  state agency reviewing physician, who opined Plaintiff could perform light

17  exertional tasks.  *Id*.  Second, Ms. Grandmason's assessment that Plaintiff was

18  severely limited was inconsistent with Plaintiff's treatment history.  *Id.* at 13.  In

19  support, the R&R cites to excerpts of the record that contradict Ms. Grandmason's

20

1  opinions, *id.*; however, the ALJ did not cite these excerpts when rejecting the

2  opinions of Ms. Grandmason.

3        Medical providers, such as nurse practitioners and physician assistants, are

4  not "acceptable medical sources" and thus not entitled to the same deference as

5  licensed physicians and certain other qualified specialists.  SSR 06-03p, 2006 WL

6  2329939, at *2 (nurse practitioners and physician assistants are not "acceptable

7  medical sources"); *Molina*, 674 F.3d at 1111.  Instead, these medical providers

8  constitute "other sources" as defined in Sections 404.1513(d) and 416.913(d).

9  *Molina*, 674 F.3d at 1111.  "The ALJ may discount testimony from these other

10  sources if the ALJ gives reasons germane to each witness for doing so." *Id.*

11  (internal quotation marks omitted).  Such "other source" opinions "must be

12  evaluated on the basis of their qualifications, whether their opinions are consistent

13  with the record evidence, the evidence provided in support of their opinions, and

14  whether the source has a specialty or area of expertise related to the individual's

15  impairment."  SSR 06-03p, 2006 WL 2329939.

16        Here, the ALJ afforded Ms. Grandmason's assessments "limited weight."

17  Tr. 27.  The ALJ found that Ms. Grandmason is not an acceptable medical source

18  and that her opinions are inconsistent with Plaintiff's longitudinal treatment history

19  and independent activities set forth previously.

20

1    This Court finds the ALJ provided sufficient reasoning for rejecting the

2    opinions of Ms. Grandmason.  Because Ms. Grandmason is an "other source"

3    whose opinions about the nature and severity of Plaintiff's impairments are not

4    entitled to controlling weight, the ALJ need only have provided "germane reasons"

5    for rejecting her opinions.  SSR 06-03p, 2006 WL 2329939 at *2; *Molina*, 674

6    F.3d at 1111.

7           First, this Court finds that it is permissible to infer that the ALJ afforded

8    limited weight to Ms. Grandmason's opinion that Plaintiff is severely limited and

9    unable to work, in part, because it was directly contradicted by the opinions of Drs.

10   Backer and Hale who opined Plaintiff would be capable of work, albeit with some

11   restrictions. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a

12   reviewing court, we are not deprived of our faculties for drawing specific and

13   legitimate inferences from the ALJ's opinion.  It is proper for us to read the

14   paragraph discussing [one provider's] findings and opinion, and draw inferences

15   relevant to [another provider's] findings and opinions, if those inferences are there

16   to be drawn."); *see also Batson*, 359 F.3d at 1193 (internal citations omitted)

17   ("Under [the substantial evidence standard], the Commissioner's findings are

18   upheld if supported by inferences reasonably drawn from the record, and if

19   evidence exists to support more than one rational interpretation, we must defer to

20   the Commissioner's decision.").  Although the ALJ expressly stated reasons for

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 14

1  rejecting Ms. Grandmason's opinions, it is reasonable for a reviewing court to infer

2  that the ALJ further reduced the weight of Ms. Grandmason's opinion because, in

3  the paragraphs immediately preceding, the ALJ afforded significant weight to the

4  directly contradictory opinions of licensed physicians who opined Plaintiff was

5  capable of work.

6          Second, the ALJ expressly found that Ms. Grandmason's opinions were

7  inconsistent with Plaintiff's longitudinal treatment history.  As the Magistrate

8  correctly noted, inconsistencies between the medical evidence and opinions of an

9  other source may provide a germane reason for rejecting the opinions of Ms.

10  Grandmason.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *see Lewis*

11  *v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) ("In all, the ALJ at least noted arguably

12  germane reasons for dismissing the family members' testimony, even if he did not

13  clearly link his determination to those reasons.").

14          Accordingly, because the ALJ properly weighed the opinions of Ms.

15  Grandmason, this Court does not find error.

16      **C. Obesity**

17          Plaintiff's final objection asserts that the ALJ failed to consider the effect of

18  Plaintiff's obesity when considering the credibility of her allegations of pain.  ECF

19  No. 18 at 11-12.  In support, Plaintiffs cites to a Social Security Ruling that states

20

1  the combined effects of obesity may cause greater pain than might be expected

2  without obesity.  *Id.* (citing SSR 02-1p).

3      The R&R found that the ALJ properly considered Plaintiff's obesity both

4  when determining Plaintiff's severe impairments and her RFC.  ECF No. 17 at 18-

5  19.  Indeed, the Magistrate noted that the ALJ, in light of Plaintiff's obesity,

6  limited the opinion of a non-examining physician who opined Plaintiff was capable

7  of performing light exertional tasks.  *Id.* The R&R, however, did not discuss

8  whether the ALJ properly considered Plaintiff's obesity when making her adverse

9  credibility finding.

10      The ALJ considers obesity in several stages of his or her disability analysis:

11  (1) whether the claimant has a medically determinable impairment; (2) whether the

12  individual's impairment is severe; (3) whether the individual's impairment meets

13  or equals the requirements of a listed impairment in the listings; and (4) whether

14  the individual's impairments prevent him or her from doing past relevant work and

15  other work that exists in significant numbers in the national economy.  SSR 02-1p,

16  2002 WL 34686281; *see Burch*, 400 F.3d 676, 681-83 (9th Cir. 2005).  An

17  individual with obesity and other impairments may experience greater pain and

18  limitation than might be expected without obesity.  SSR 02-01p, 2002 WL

19  34686281 at *6

20

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 16

1        Here, the ALJ considered Plaintiff's obesity at several stages of the

2   sequential evaluation.  First, the ALJ found Plaintiff's obesity to constitute a severe

3   impairment.  Tr. 22.  Second, the ALJ, after considering the effect of Plaintiff's

4   obesity on her other impairments, found that the obesity did not exacerbate any of

5   her other impairments to the degree necessary to meet or equal a listing. Tr. 24.

6   Finally, when determining Plaintiff's RFC, the ALJ concluded that Plaintiff should

7   be limited to sedentary work in light of the impact of her obesity on her spinal and

8   hip impairments.  Tr. 26.

9        This Court finds that the ALJ properly considered Plaintiffs' obesity.  As

10  noted in the R&R, the ALJ found Plaintiff's obesity to be a severe impairment and,

11  when determining Plaintiff's RFC, limited Plaintiff to sedentary work based on the

12  impact of obesity on her other impairments.  To the extent Plaintiff faults the ALJ

13  for not considering the effect of her obesity when discrediting her pain testimony,

14  Plaintiff has cited to no evidence that the ALJ failed to consider.  Although obesity

15  can cause limitation of function, *see* SSR 02-10p, 2002 WL 34686281, without

16  citation to evidence in the record, this Court is unable to find that the ALJ failed to

17  address any additional physical limitations to which Plaintiff's obesity contributed.

18  Accordingly, this Court does not find error.

19  ///

20  ///

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 17

**IT IS ORDERED:**

     1.  Plaintiff's Objections to Report and Recommendation (ECF No. 18) are **OVERRULED**.

     2.  The Report and Recommendation (ECF No. 17) is **ADOPTED, as modified above**.

     3.  Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

     4.  Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

     The District Court Executive is directed to enter this Order, enter **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

     **DATED** September 24, 2015.

THOMAS O. RICE
United States District Judge